**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

---

**1. Debtor's name**

Onyx Owner, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

8 2 – 3 9 8 1 9 6 2

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 399  Park Avenue | |
| Number   Street | Number   Street |
| c/o Blue Owl Capital Inc., 37th Floor | |
| Attn: Neena Reddy, General Counsel | P.O. Box |
| New York   NY   10022 | |
| City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York County | 1100   1st Street, SE |
| County | Number   Street |
| | Washington   DC   20002 |
| | City   State   ZIP Code |

**5. Debtor's website (URL)**

onyxdcapts.com

---

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 1

Debtor  Onyx Owner, LLC                                    Case number *(if known)*_____
         Name

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ❑ Partnership (excluding LLP) |
|   |   | ❑ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❑ Railroad (as defined in 11 U.S.C. § 101(44))
❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  3  1  1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

❑ Chapter 7
❑ Chapter 9
■ Chapter 11. *Check **all** that apply*:

  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  ❑ A plan is being filed with this petition.
  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ■ No |
|---|---|---|
|   |   | ❑ Yes.  District _____  When _____  Case number _____ |
|   |   |                                      MM / DD / YYYY |
|   |   |          District _____  When _____  Case number _____ |
|   |   |                                      MM / DD / YYYY |

Debtor  __Onyx Owner, LLC_____     Case number (*if known*)_____
      Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ■ No <br> ☐ Yes.    Debtor _____    Relationship _____ <br>             District _____    When _____ <br>                                                                              MM / DD / YYYY <br>             Case number, if known _____ | |

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                           Number      Street
                           _____
                           _____     _____  _____
                           City                                       State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency _____
            Contact name     _____
            Phone                  _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

☐ 1-49           ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99          ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199      ☐ 10,001-25,000     ☐ More than 100,000
■ 200-999

---

Official Form 201                           Voluntary Petition for Non-Individuals Filing for Bankruptcy                         page **3**

Debtor _____    Case number (*if known*)_____
       Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |
| **16. Estimated liabilities** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
              MM  / DD /YYYY

✗ _____[signature]_____    _____
Signature of authorized representative of debtor    Printed name

Title _____

**18. Signature of attorney**

✗ _____*/s/ Robert J. Dehney, Sr.*_____    Date _____
Signature of attorney for debtor    MM / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number     Street

_____   _____  _____
City    State    ZIP Code

_____    _____
Contact phone    Email address

_____    _____
Bar number    State

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

**ACTION BY WRITTEN CONSENT
OF THE SOLE MANAGER OF
ONYX OWNER, LLC**

**December 18, 2024**

The undersigned, being a member and sole manager ("Manager") of Onyx Owner, LLC, a Delaware limited liability company ("Company"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent pursuant to and in accordance with the Limited Liability Company Agreement of the Company, dated as of January 23, 2018 ("LLC Agreement"), and the Delaware Limited Liability Act:

**WHEREAS,** the management of the Company is vested in the Manager pursuant to Section 18-402 of the Delaware Limited Liability Act and Section 6.1(a) of the LLC Agreement;

**WHEREAS**, the Company's business involves a residential apartment project consisting of two hundred sixty-six (266) residential apartment units and related amenities located at 1100 First Street SE, Washington DC 2003 ("Property");

**WHEREAS**, the combined impacts of the COVID-19 pandemic and Washington DC voucher program had a devastating impact on the successful operation of the Property;

**WHEREAS**, since 2023, the Manager has (without obligation) invested nearly $2 million to fund operating cash shortfalls and capital improvements in the Property;

**WHEREAS**, in April 2024, in an attempt to improve the management and financial performance of the Property, the Manager transitioned all management responsibilities of the Property away from UIP Property Management, Inc., UIP Onyx Invest, LLC, UIP Maryland Residential III, LLC, and UIP Maryland Residential 6, LLC, in favor of an affiliate of Greystar Property Management, GREP Atlantic, LLC ("Greystar"). Greystar, which manages multifamily properties through affiliates, is an organization with an excellent reputation that manages more than 1 million units and beds, ranking first among the Top 50 US Apartment Managers according to the 2024 National Multifamily Housing Council;

**WHEREAS**, since the transition of management responsibilities to Greystar, the Property's financial performance has continued to suffer, as the Company is currently operating with a monthly shortfall and rapidly diminishing cash reserves to cover near-term obligations, including critical payments related to insurance ($500,000 [estimated] due in early January 2025), real estate taxes ($415,000 due in March 2025), monthly debt service ($124,000 owed monthly with $370,000 in arrears), and past-due obligations to building vendors (exceeding $750,000), which in some cases have actually filed or threatened to file lawsuits to collect amounts owed;

**WHEREAS**, there has been a series of incidents at the Property, some requiring the intervention of local law enforcement and including threats to tenants as well as employees of Greystar, that necessitate the deployment of nearly around the clock security guards and added surveillance measures;

**WHEREAS**, the financial performance has presented significant challenges in the management of the Property and Greystar has given notice of its resignation as property manager effective January 31, 2025;

**WHEREAS**, the Manager has been unable to identify and engage a successor management company for the Property and otherwise establish a sustainable path to manage the near-term cash obligations;

**WHEREAS**, the Manager has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, and the recommendations of the Company's legal and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code ("Bankruptcy Code"); and

**WHEREAS**, the Manager has determined that it is advisable and in the best interests of the Company and the Company's stakeholders, creditors, members, and other interested parties to commence a case ("Bankruptcy Case") under chapter 11 of the Bankruptcy Code, and it has determined that it should do so promptly to ensure that the debtor in possession has time to organize the Company's affairs.

**NOW, THEREFORE, IT IS:**

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of the Company, the creditors of the Company, and other interested parties that a voluntary petition ("Petition") be filed by or on behalf of the Company under the provisions of chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"); and it is further

**RESOLVED**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects and that any officer, managing member, director, manager, or other authorized person of the Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petition and all documents ancillary thereto,

2

and to cause the Petition to be filed with the Bankruptcy Court, such Petition to be filed at such time as an Authorized Officer shall determine and to be in the form approved by such Authorized Officer, with the execution thereof by any such Authorized Officer being conclusive evidence of the approval thereof by such Authorized Officer, and to take any and all related actions that the Authorized Officers may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case, including attending the meeting of creditors pursuant to section 341 of the Bankruptcy Code on behalf of the Company; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), be and hereby is, authorized, directed, and empowered to represent the Company as its general bankruptcy counsel on the terms set forth in its engagement letter with the Company, which is hereby ratified and approved, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, without limitation, the preparation of and filing of the Petition and related forms, schedules, lists, statements and other papers or documents; and it is further

**General Resolutions**

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officers performing or executing the same shall approve, and the performance or execution thereof by the Authorized Officers shall be conclusive evidence of the approval thereof by the Authorized Officers and by the Company; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, motions, applications, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof

by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the Company; and it is further

**RESOLVED,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

**IN WITNESS WHEREOF**, the undersigned, being a member of the Company and the Sole Manager of the Company, has executed this written consent effective as of the date first above written.

ATALAYA FUND VI EQUITY REIT, INC.,
a Delaware corporation

By: _____
Name: Joshua Ufberg
Title: Authorized Signatory

**Fill in this information to identify the case:**

Debtor name  Onyx Owner, LLC

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                          12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Otis Elevator**<br>P.O. BOX 730400<br>Dallas, TX  75373 | Attn:<br>Phone: (561) 516-1197<br>Email: | Trade Debt | | | | $171,430.06 |
| 2 | **First Impression Staffing LLC**<br>6441 Richardson Farm Lane<br>Clarksville, MD 21029 | Attn:<br>Phone: (240) 277-2027<br>Email: | Trade Debt | | | | $89,826.50 |
| 3 | **Keep Evolving LLC**<br>PO Box 1420<br>Spotsylvania, VA 22553 | Attn:<br>Phone: (571) 589-9148<br>Email: | Trade Debt | | | | $70,824.00 |
| 4 | **A-Class Concierge Services LLC**<br>PO Box 57<br>Highland, MD 20777 | Attn:<br>Phone: (240) 532-9000<br>Email: | Trade Debt | | | | $65,985.76 |
| 5 | **Fidelity Power Systems**<br>25 Loveton Circle<br>Sparks, MD 21152 | Attn:<br>Phone: (410) 771-9400<br>Email: | Trade Debt | | | | $28,293.64 |
| 6 | **Lux Floors**<br>4449C Brookfield Corporate Dr<br>Chantilly, VA 20151 | Attn:<br>Phone: (703) 352-0042<br>Email: | Trade Debt | | | | $15,872.11 |
| 7 | **Smart Cleaning Service LLC**<br>10819 Georgia Ave, Suite 202<br>Silver Spring, MD 20902 | Attn:<br>Phone: (240) 461-5888<br>Email: | Trade Debt | | | | $14,875.00 |
| 8 | **Belfor USA Group**<br>21300 Ridgetop Circle, Suite 150<br>Sterling, VA 20166 | Attn:<br>Phone: (571) 437-3191<br>Email: | Trade Debt | | | | $14,725.00 |

Debtor Name <u>Onyx Owner, LLC</u>    Case Number _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Apartments LLC**<br>2563 Collection Center Dr.<br>Chicago, IL 60693 | Attn:<br>Phone: (888) 658-7368<br>Email: | Trade Debt | | | | $12,713.64 |
| 10 | **CCR Service LLC**<br>11325 Maryland Ave.<br>Beltsville, MD 20705 | Attn:<br>Phone: (240) 568-5069<br>Email: | Trade Debt | | | | $10,212.50 |
| 11 | **Kramer Enterprises LLC**<br>PO Box 12251<br>Silver Spring, MD 20908 | Attn:<br>Phone: (804) 221-1700<br>Email: | Trade Debt | | | | $6,960.00 |
| 12 | **National Eqipment Solutions, LP**<br>PO Box 2198<br>West Chester, PA 19380 | Attn:<br>Phone: (610) 640-9200<br>Email: | Trade Debt | | | | $6,201.00 |
| 13 | **SeeView Security, Inc.**<br>3959 Pender Drive, Suite 330<br>Fairfax, VA 22030 | Attn:<br>Phone: (703) 825-5822<br>Email: | Trade Debt | | | | $5,202.41 |
| 14 | **Apartment List, Inc.**<br>PO Box 737097<br>Dallas, TX 75373 | Attn:<br>Phone: (415) 813-5231<br>Email: | Trade Debt | | | | $2,602.00 |
| 15 | **Agency Fifty3 LLC**<br>4100 E Mississippi Ave, Floor 15<br>Denver, CO 80246 | Attn:<br>Phone: (720) 673-8422<br>Email: | Trade Debt | | | | $2,449.00 |
| 16 | **Superior Mechanical Services**<br>6655 Mid Cities Ave.<br>Beltsville, MD 20705 | Attn:<br>Phone: (301) 931-0100<br>Email: | Trade Debt | | | | $2,167.53 |
| 17 | **Professional Carpet Restoration LLC**<br>151 Wesmond Dr.<br>Alexandria, VA 22305 | Attn:<br>Phone: (301) 318-0797<br>Email: | Trade Debt | | | | $1,822.69 |
| 18 | **PCR Cleaning Services**<br>3810 Ingersol Ave., Suite A<br>Des Moines, IA 50312 | Attn:<br>Phone: (515) 868-3491<br>Email: | Trade Debt | | | | $1,822.69 |
| 19 | **Znation Building Services**<br>3305 40th Place<br>Brentwood, MD 20722 | Attn:<br>Phone: (240) 899-0797<br>Email: | Trade Debt | | | | $1,250.00 |
| 20 | **Recycling Solutions Inc.**<br>4020 Penn Belt Place,<br>Forestville, MD 20747 | Attn:<br>Phone: (301) 499-5611<br>Email: | Trade Debt | | | | $381.60 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Onyx Owner, LLC,<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 24-_____ (_____) |

## CORPORATE OWNERSHIP STATEMENT AND EQUITY HOLDER LIST PURSUANT TO FED. R. BANKR. P. 1007(a)(1),(3) AND 7007.1

Pursuant to Rules 1007(a)(1), (3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor, to the best of its knowledge, information, and belief, hereby states as follows:

1. Atalaya Fund VI Equity REIT Inc. owns 80% of the membership interests in Debtor Onyx Owner, LLC.

2. UIP Onyx Invest, LLC owns 19% of the membership interests in Debtor Onyx Owner, LLC.

3. UIP Maryland Residential 6, LLC owns 0.99% of the membership interests in Debtor Onyx Owner, LLC.

4. UIP Maryland Residential III, LLC owns 0.01% of the membership interests in Debtor Onyx Owner, LLC.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its taxpayer identification number, is Onyx Owner, LLC (1962), c/o Blue Owl Capital Inc., 399 Park Avenue, 37th Floor, NY, NY 10022.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Onyx Owner, LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware___
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/18/2024
MM / DD / YYYY

✗ */s/ Joshua Ufberg*
Signature of individual signing on behalf of debtor

Joshua Ufberg
Printed name

Authorized Signatory
Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**